RECEIVED
IN LAKE CHARLES, LA

NOV 2 8 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MARCUS C. DUNAWAY, ET AL | : | DOCKET NO. 07 CV 1138 |
| VERSUS | : | JUDGE MINALDI |
| COWBOYS OF LAKE CHARLES, INC. | : | MAGISTRATE JUDGE WILSON |

### REPORT AND RECOMMENDATION

Presently before the court is Plaintiffs' Motion to Remand. (Doc. 17). Plaintiffs contend that remand is required because the removal was procedurally defective. More specifically, Plaintiffs contend that: (1) removal was untimely in that notice of removal was filed more than 30 days after the first defendant was served; and (3) all defendants did not join in or consent to removal.

Plaintiffs originally filed this action in the 14th Judicial District Court for Calcasieu Parish, Louisiana, February 21, 2007. The suit alleged claims under federal and state law for racial discrimination in connection with the operation of Cowboys night club. Originally, the only named defendant was Cowboys of Lake Charles, Inc. This defendant was served on March 2, 2007. Subsequently this defendant was served with first and second amending petitions that added additional plaintiffs. In May, 2007, counsel for defendant advised plaintiffs' counsel that the night club was actually operated by Cowboys Nightlife, Inc. In response Plaintiffs filed a third supplemental and amending petition on June 11, 2007, which added Cowboys Nightlife, Inc. as a defendant. Plaintiffs attempted service of Cowboys Nightlife, Inc. by serving opposing

counsel on June 15, 2007, and finally completed service on the registered agent for service on June 26, 2007. Cowboys Nightlife, Inc. filed a notice of removal on July 9, 2007. Thus, the notice of removal was filed more than 30 days after service of Cowboys of Lake Charles, Inc., but less than 30 days from service of Cowboys Nightlife, Inc. Cowboys of Lake Charles, Inc. did not join in the removal or otherwise signify its consent to removal.

28 U.S.C. § 1446(b) provides (in pertinent part):

> (B) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . . .[1]

All properly joined and served defendants must join in removal. *Getty Oil Corp. v. Ins. Co. of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988). This rule of unanimity together with the time limits of § 1446(b) have led to the "first served defendant rule" which provides that if the first served defendant fails to timely seek removal pursuant to § 1446(b) a subsequently served defendant is barred from removal. The rationale underlying the rule is that the first served defendant, having allowed his time for removal to pass, is no longer in a position to join in removal. *Brown v. Demco, Inc.*, 792 F.2d 478, 481 (5th Cir. 1986). This is so even if the subsequently served defendant is added to the action after the delays of § 1446(b) had already run against the first served defendant. *Id.*

If applicable, these general principles would lead to the conclusion that removal in this case was procedurally defective and remand would be required. Notice of removal was filed well

---

[1] The second paragraph of § 1446(b) provides for an exception where the case stated by the original pleading is not removable. This case was removed based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. It was removable when originally filed.

2

beyond thirty days after service of Cowboys of Lake Charles, Inc. However, Defendant contends that the general principles do not apply here because the first served defendant, Cowboys of Lake Charles, Inc., was fraudulently/improperly joined.[2] A fraudulently/improperly joined defendant is excepted from the rule of unanimity. *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007) ("... removing party need not obtain the consent of a co-defendant that the removing party contends is improperly joined."); *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993)(Application of rule of unanimity to improperly or fraudulently joined parties "would be nonsensical." ). *See also In re Pharmaceutical Industry Avg. Wholesale Price Litig.*, 431 F.Supp.2d 109, 118 (D.Mass. 2006) ("As many courts have held, the rationale for the doctrine of fraudulent joinder applies with equal force in the context of removal based on federal question jurisdiction."). Such a defendant is not required to join in or consent to removal. Since the "first served defendant rule" is based on the rule of unanimity it logically follows that it does not apply in the case of a first served defendant who was fraudulently/improperly joined. *United Computer Systems, Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002). *Contra Caillouet Land Corp. .v. Chevron Pipe Line Co.*, 2007 WL 1991531 (E.D.La. 2007). Thus, if Defendant can bear its burden of establishing that Cowboys of Lake Charles, Inc. was fraudulently/improperly joined then Cowboys Nightlife, Inc. had thirty days from the date it was served to file a notice of removal, and its notice was timely.

---

[2] Traditionally the term "fraudulent joinder" has been used. The Fifth Circuit now also refers to "fraudulent joinder" as "improper joinder." *See Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 571 n.1 (5th Cir. 2004)(*en banc*), *cert. denied by, Illinois Cent. R. Co. v. Smallwood*, ____ U.S. ____, 125 S.Ct. 1825 (4/18/2005). Obviously, this leads to some confusion. In this report and recommendation "fraudulent/improper joinder is used to refer to the traditional "fraudulent joinder."

In order to establish improper/fraudulent joinder of Cowboys of Lake Charles, Inc. the removing defendant must establish either: "actual fraud in the pleading of jurisdictional facts," or "an inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568 (5th Cir. 2004)(*en banc*), *cert. denied by, Illinois Cent. R. Co. v. Smallwood*, ___ U.S. ___, 125 S.Ct. 1825 (4/18/2005)(citing, *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003)). In the case *sub judice*, our focus is the second basis for improper joinder. *See, Travis, supra.*

The focus of the court's inquiry is on the joinder of Cowboys of Lake Charles, Inc., not on the merits of Plaintiff's case. *Smallwood, supra* at 573. In resolving this issue, we must determine whether the removing defendant has demonstrated that plaintiff has "no possibility of recovery" against the particular defendant; *i.e.* that there is "no reasonable basis" for the district court to predict that the plaintiff might recover against that defendant. *Smallwood, supra.*

The court may resolve this issue in one of two ways: 1) the court can look at the allegations of the complaint to determine whether the complaint states a claim against the defendant under state law (*i.e.* a Fed.R.Civ.P. 12(b)(6) analysis); or 2) in the few cases where the plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder, the court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood, supra.* Ordinarily, if Plaintiff survives the 12(b)(6) analysis there is no improper joinder. *Id.* The "summary inquiry is appropriate only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant." *Id* at 573-74.[3] The motive or purpose for the joinder of the defendant is irrelevant

---

[3] In other words, facts that can be easily disproved if not true. *Id.*

to this inquiry. *Id.* at 574. The court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff. *Travis, supra.* Any contested issues of fact and ambiguities of state law must be resolved in favor of remand. *Id.*

Cowboys Nightlife, Inc., contends that Plaintiffs have misstated discrete facts that are material to the liability of Cowboys of Lake Charles, Inc. Affidavits have been filed indicating that Cowboys of Lake Charles, Inc. does not and has not owned, operated or exercised any control over the operation of the Cowboys nightclub. Vallet affidavits attached to Docs. 22 & 28. In response Plaintiffs do not contend that Cowboys of Lake Charles, Inc. is an owner or operator of the nightclub. Instead they argue that Cowboys of Lake Charles, Inc. is potentially liable with Cowboys Nightlife, Inc. pursuant to the single business enterprise theory.

Where applicable the single business enterprise theory allows a court to ignore the fact that affiliated corporations are separate juridical persons and impose liability on each of the affiliated corporations. *Southern Capitol Enterprises v. Conseco Services*, 476 F.Supp.2d 589, 595 (M.D.La. 2007). For purposes of fraudulently/improper joinder analysis we are satisfied that the single business enterprise theory is a viable theory under Louisiana law. *Id.* However, Plaintiffs did not state a claim against Cowboys of Lake Charles, Inc. based on the single business enterprise theory in their state court petition.. The petition alleges that Cowboys of Lake Charles, Inc. is liable as "the owner and operator of a nightclub named 'Cowboys' located in Lake Charles, Louisiana." ¶ 5 of Petition as amended (Doc. 4). There is no hint that Plaintiffs seek to impose liability on Cowboys of Lake Charles, Inc. as being part of a single business enterprise with Cowboys Nightlife, Inc. Plaintiffs cannot rely on a theory not alleged in their state court petition to defeat jurisdiction. *Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d

5

256, 263 (5th Cir. 1995). We conclude that there is no reasonable possibility of recovery against Cowboys of Lake Charles, Inc. under any claim stated in the state court petition. Removal was proper.

Accordingly, it is recommended that the motion to remand be denied, and that the claims against Cowboys of Lake Charles, Inc. be dismissed without prejudice.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 28th day of November, 2007.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

6