RECEIVED
IN LAKE CHARLES, LA
MAY 28 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| MARCUS C. DUNAWAY, ET AL. | : | DOCKET NO. 2:07 CV 1138 |
| VS. | : | JUDGE MINALDI |
| COWBOYS OF LAKE CHARLES, INC. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss Claims That Fall Within 42 U.S.C.A. § 2000a et seq., For Lack of Subject Matter Jurisdiction, filed by defendant Cowboys Nightlife, Inc. ("Cowboys") [doc. 87]. The plaintiffs, Marcus C. Dunaway, et al ("Dunaway")[1], filed an Opposition [doc. 93]. Cowboys filed a Reply [doc. 96].

## FACTS

Dunaway filed suit in Louisiana state court on February 21, 2007, alleging several instances of racial discrimination as to each plaintiff, and charging that Cowboys' conduct violated two federal civil rights laws - 42 U.S.C.A. § 1981 and 42 U.S.C.A. § 2000a. - and two Louisiana state law provisions.[2] Cowboys removed this matter to federal court.

## RULE 12(b)(1) STANDARD

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal for lack of subject matter

---

[1] The plaintiffs are Marcus C. Dunaway, Gregory T. January, Sr., Steven LaSalle, Jeffery DeShields, Jr., Ronald George, Jr., Aaron K. LaSalle, Ahmad K. Austin, James E. Varner, Jr., Winston T. Broussard, and Brian K. Jones.

[2] Petition [doc. 1-2]. Dunaway amended the petition three times. [docs. 2, 3, 4].

jurisdiction. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction; therefore, the plaintiff must demonstrate that jurisdiction exists. *Ramming v. United States*, 281 F. 3d 158, 161 (5th Cir. 2001) (internal citations omitted). When examining a Rule 12(b)(1) motion, the court is allowed to consider factual matters that may be in dispute. *Id.* (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). A court should grant a motion to dismiss for lack of subject matter jurisdiction only if it appears certain that the plaintiff cannot prove any set of supporting facts that would entitle him to relief. *Id.* (citing *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

## ANALYSIS

Cowboys urges this Court to dismiss Dunaway's claims under 42 U.S.C.A. § 2000a for lack of subject matter jurisdiction. Cowboys argues that 42 U.S.C.A. §2000a-3(c) mandates that if a state has a state agency or authority with the power to investigate the alleged discrimination, then a plaintiff must notify that authority prior to filing suit for a violation of the public accommodation laws. Cowboys notes that the Louisiana Commission on Human Rights has enforcement powers and can investigate claims of racial discrimination.[3] Further, this state agency was in existence when the alleged incidents occurred in 2006 and when Dunaway filed suit in 2007.[4] Cowboys argues that Dunaway failed to comply with the requirements of 42 U.S.C.A. §2000a and his petition makes no allegation that he satisfied such condition; therefore, Cowboys insists that the claims under 42 U.S.C.A. § 2000a must be dismissed for lack of subject matter jurisdiction.

---

[3] *See* La. Rev. Stat. Ann. §§ 51:2231(A); 51:2232(1); 51:2235.

[4] The Louisiana Commission on Human Rights was created in 1988. La Rev. Stat. Ann. § 51:2231 et seq.

2

Dunaway contends that the claims under 42 U.S.C.A. § 2000a should not be dismissed because he complied with the applicable requirements. Dunaway acknowledges that the Louisiana Human Rights Commission existed at the time of the violations, but Dunaway argues that Louisiana law does not require an aggrieved plaintiff to file a complaint with the Louisiana Human Rights Commission before filing a federal civil rights claim. Dunaway notes that the statute provides "[a]n individual claiming to be aggrieved by an unlawful practice, a member of the commission, or the attorney general may file with the commission a written sworn complaint." Dunaway insists that this permissive language indicates there is no mandatory state court remedy for racial discrimination that must be exhausted with the Louisiana Commission on Human Rights prior to seeking a remedy in federal court.

The Public Accommodations Law provides, in part, that:

> [i]n the case of an alleged act or practice prohibited by this subchapter which occurs in a State, or political subdivision of a State, which has a State or local law prohibiting such act or practice and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no civil action may be brought under subsection (a) of this section before the expiration of thirty days after written notice of such alleged act or practice has been given to the appropriate State or local authority by registered mail or in person, provided that the court may stay proceedings in such civil action pending the termination of State or local enforcement proceedings.

42 U.S.C.A. § 2000a-3(c).

Although the Fifth Circuit has not addressed this specific issue, the Seventh Circuit has held that a plaintiff's failure to notify the applicable state agency before filing a 42 U.S.C.A. § 2000a claim barred his federal action. *Stearnes v. Baur's Opera House, Inc.*, 3 F.3d 1142 (7th Cir. 1993). In *Stearnes*, the bar patron sued the bar for engaging in a pattern or practice of racial discrimination

3

by playing music that he and other black persons would not find appealing with the deliberate purpose of discouraging black customers. *Id.* at 1143. The bar patron did not notify the Illinois Department of Human Rights or any other state agency before he filed his lawsuit in federal court. *Id.* at 1145. The Court noted Section 2000a-3(c)'s requirement that plaintiffs give notice to state or local authorities when a state or local law prohibits such discrimination and noted the Illinois Human Rights Commission's authority to grant or seek relief for such alleged violations. The Court found that the patron failed to meet the procedural prerequisites of Section 2000a-3 prior to filing suit; therefore, it dismissed his case for lack of jurisdiction. *Id.* at 1145.

Other circuits addressing this issue have dismissed claims for failure to meet 42 U.S.C.A. § 2000a-3(c)'s requirement that a plaintiff notify a state agency before filing suit when the state had an established state agency. *See Bilello v. Kum & Go, LLC*, 374 F.3d 656 (8th Cir. 2004); *Harris v. Ericson*, 457 F.2d 765 (10th Cir. 1972).

Likewise, this Court lacks jurisdiction to hear Dunaway's 42 U.S.C.A. §2000a claims. 42 U.S.C.A. § 2000a-3(c) clearly requires a plaintiff to notify the applicable state agency before filing a civil action. The plaintiff must then wait thirty (30) days after notification before filing suit. The Louisiana Human Rights Commission was established to execute "the policies embodied in the Federal Civil Rights Act of 1964, 1968, and 1972," and the commission existed when Dunaway filed suit. Dunaway did not notify the commission prior to filing his claims. Dunaway's arguments regarding the permissive or mandatory nature of filing a claim with the commission are irrelevant. Dunaway has not met his burden to prove that this court has jurisdiction over the 42 U.S.C.A. 2000a claims. Accordingly,

IT IS ORDERED that Cowboy's Motion to Dismiss is hereby GRANTED.

IT IS FURTHER ORDERED that all claims under 42 U.S.C.A. § 2000a are hereby DISMISSED with prejudice at the plaintiffs' cost.

Lake Charles, Louisiana, this 27 day of May, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE