RECEIVED
IN LAKE CHARLES, LA

SEP 27 2010

TONY R. MOORE, CLERK
BY ______ DEPUTY



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **MARCUS C. DUNAWAY, ET AL.** | : | **DOCKET NO. 2:07 CV 1138** |
| **VS.** | : | **JUDGE MINALDI** |
| **COWBOYS OF LAKE CHARLES, INC.** | : | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

Before the Court is a Motion to tax costs against the plaintiffs, Marcus C. Dunaway, et al ("the plaintiffs"),[1] pursuant to Federal Rule of Civil Procedure 54(d) filed by defendant Cowboys Nightlife, Inc. ("Cowboys") [Doc. 130]. The plaintiffs filed an Opposition [Doc. 132]. The defendant filed a Reply [Doc. 134].

**FACTS**

The plaintiffs filed suit in Louisiana state court on February 21, 2007, alleging several instances of racial discrimination as to each plaintiff, and charging that Cowboys' conduct violated two federal civil rights laws - 42 U.S.C.A. § 1981 and 42 U.S.C.A. § 2000a. - and two Louisiana state law provisions.[2] Cowboys removed this matter to federal court. On July 1, 2010, this Court granted Cowboys' motion for summary judgment and dismissed this case with prejudice.[3]

---

[1] The plaintiffs are Marcus C. Dunaway, Gregory T. January, Sr., Steven LaSalle, Jeffery DeShields, Jr., Ronald George, Jr., Aaron K. LaSalle, Ahmad K. Austin, James E. Varner, Jr., Winston T. Broussard, and Brian K. Jones.

[2] Petition [doc. 1-2]. Dunaway amended the petition three times. [docs. 2, 3, 4].

[3] Order Granting Mot. Summ. J. July 1, 2010.

## LAW AND ANALYSIS

Cowboys seeks costs for a number of expenses incurred in successfully litigating this case. Cowboys itemized the costs by category:

| CATEGORY | | TOTAL |
|---|---|---|
| Court Costs: | | $369 |
| Deposition Costs: | | $6,870 |
| Depositions of Plaintiffs: | $3,461 | |
| Copies of Depositions | $635 | |
| Deposition of Plaintiffs' Witnesses: | $2,794 | |
| Subpoena/Service Costs for Subpoenas for Depos: | | $1,281.33 |
| Records Costs: | | $454.23 |

First, it seeks all filing and removal fees, which total $369.[4] Second, it seeks the fees associated with all depositions, arguing that theses costs were "necessarily incurred in the case." The first set of deposition fees for deposing ten plaintiffs, including a deposition taken one month before trial, total $3,461. Cowboys also includes the costs of obtaining copies of the plaintiffs' depositions of various employees of Cowboys, arguing that the costs were necessary to apprise the employees of their previous testimony in the event of trial. The final deposition cost requested is the $2,366 associated with deposing witnesses for the plaintiffs just days before this Court's order granting summary judgment, including witnesses used to support the plaintiffs' opposition to summary judgment.[5] The defendant requests deposition costs totaling $6,870.[6]

Third, Cowboys seeks the costs incurred to serve subpoenas using a private process server as well as witness fees. The defendant seeks these costs for all depositions. These costs

---

[4] Def.'s Br. For Costs, 2.

[5] *Id.* at 2.

[6] Even though the plaintiffs invoices for deposition costs total $6,890, they only request $6,870. Def.'s Ex. A

total $1,281.33.[7] Fourth, defendant seeks fees for obtaining medical records, arguing that the records were reasonably necessary for use at trial because the plaintiffs "alluded" to suffering various medical conditions. Within this cost is a $57 criminal records request. These final costs totaled $454.23.[8]

The plaintiffs do not object to the reasonableness of the charges, and they do not contest that Cowboys was the prevailing party. Instead, the plaintiffs object to the depositions that were taken either after Cowboys moved for summary judgment and the cost of those depositions and materials not used in Cowboys' motion for summary judgment. The plaintiffs claim that costs not associated with Cowboys motion for summary judgment were not costs incurred in the case. They concede, however, that nine of the depositions, taken before Cowboys filed its summary judgment motion, are proper costs.[9]

The plaintiffs, moreover, object to the costs of e-transcript copies of the depositions and expedited delivery charges. These charges, the plaintiffs argue, are incidental costs not associated with a deposition and therefore are not recoverable.[10] Finally, plaintiffs object to Cowboys' fees for obtaining medical records and criminal records because, as they argued earlier, that evidence was not related to Cowboys' successful motion for summary judgment. The costs of criminal records, moreover, are not enumerated expenses under 28 U.S.C. § 1920, according to the plaintiffs, and thus are not proper.[11]

---

[7] Def.'s Br. For Costs 4-5.

[8] *Id.* at 5-6.

[9] Pl.'s Br. In Opposition to Mot. For Costs 2-4.

[10] *Id.* at 3-4.

[11] *Id.* at 4-5.

Prevailing parties may move for an award of costs under Federal Rule of Civil Procedure 54(d)(1), which provides that "costs . . . shall be allowed of course to the prevailing party unless the court otherwise directs." The rule creates a presumption that a prevailing party is entitled to an award of costs. *See id.* A district court should grant an award for costs to the prevailing party under Rule 54(d)(1) as long as a listed expense is reasonably necessary to the litigation and authorized by statute. *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993). Accordingly, the unsuccessful party must show circumstances sufficient to overcome this presumption. *See* Fed. R. Civ. P. 54(d)(1)

Despite this presumption in favor of the prevailing party, the district court has broad discretion to determine what costs are properly recoverable. *Fogelman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir. 1991). The Supreme Court, however, has limited this discretion, requiring that only those costs articulated in § 1920 are recoverable under Rule 54(d) absent explicit statutory or contractual authorization to the contrary. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987).

A court may tax as costs the following fees: "fees of the clerk and marshal; fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; fees and disbursements for printing and witnesses; fees for exemplification and copies of papers necessarily obtained for use in the case; docket fees under [28 U.S.C. § 1923]; compensation of court-appointed experts, interpreters, and special interpretation services." 28 U.S.C. § 1920(1)-(6) (2010). The fee for serving a summons by private process server, however, is generally not recoverable. *U.S. for Use & Benefit of Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153 (2d Cir. 1996) (denying costs of private process server). Similarly, costs of expedited transcripts are typically not recoverable unless "the special

character of the litigation necessitates expedited receipt of the transcript." *Fogelman*, 920 F.2d at 285.

For a prevailing party to recover "fees of the court reporter" and "fees for exemplification and copies of papers necessarily obtained," those fees must be for "use in the case." 28 U.S.C. § 1920 (2010). This Circuit has interpreted this phrase broadly; there is no requirement that the prevailing party use the material, such as a deposition, in a successful summary judgment motion in order to obtain costs associated with that material under Rule 54(d). *See, e.g., Stearns Airport Equipment Co. v. FMC Corp.*, 170 F.3d 518, 536 (5th Cir. 1999). "As long as there is a reasonable expectation that the deposition may be used for trial preparation, it may be included in costs." *Id.* On the other hand, costs associated with materials used primarily for discovery or investigative purposes are not recoverable, as they are not obtained for "use in the case." *Id.*

**Court Costs**

Because the court costs requested by Cowboys are specifically enumerated under § 1920 as costs recoverable to the prevailing party under Rule 54(d), Cowboys may recover $369 for its court costs. *See* 28 U.S.C. § 1920 & § 1923.

**Deposition Costs**

Furthermore, it is clear that all depositions, though not cited in Cowboys's summary judgment motion, "could be expected to be used at trial." *FMC Corp.*, 170 F.3d at 536. Some of the witnesses provided affidavits in support of the plaintiff's opposition to summary judgment. Other witnesses included the plaintiffs themselves. It would be unreasonable to assume that those depositions would not be used to prepare for trial; much of the litigation hinged on their testimony. Thus, the costs associated with deposing those witnesses were "necessarily incurred in the case." *Id.*

The costs of copying the depositions of Cowboys' employees, moreover, were reasonably expected for use at trial and thus "necessarily incurred in the case." *Id.* These were not copies obtained merely for the convenience of counsel. Instead, the copies provided insight into the types of questions the opposing party would ask. The depositions would also assist the witnesses in remembering their testimony. Cowboys even cited one of these employees in its motion for summary judgment, though all of these depositions would be relevant for trial preparation. In addition, modern discovery practice essentially requires a party to obtain copies of the deposition of its own employees that are taken by its opponent. *United States v. Kolesar*, 313 F.3d 835, 840 (5th Cir. 1963)

Electronic copies, such as ASCII disks, however, are for the convenience of counsel and thus are not taxable costs under 28 U.S.C. § 1920. *Harris Corp. v. Sanyo North America Corp.*, 2002 WL 356755, at *3 (N.D.Tex. Mar. 4, 2002). Courts have often analogized these costs to computer research. *See,* e.g., *M.E. Fields v. General Motors Corp.*, 171 F. R. D. 234, 236 (N.D. Ill. 1997). Other courts have found that convenience is the motivating factor for an ASCII disk and electronic copies request. *Harris*, 2002 WL 356755, at *3. Electronic copies are preferable to hard copies because they allow attorneys to search deposition testimony and pinpoint statements without scouring the entire transcript. *Id.* at *3. Accordingly, ASCII and electronic copies of depositions are merely for the convenience of counsel and are not necessary for use in the case. *See id.* Thus, ASCII and electronic copies of depositions are not recoverable under Rule 54(d).

Furthermore, this Court is satisfied with Cowboys' justification for the expedited costs of certain transcripts. As Cowboys noted, "any costs for expedited process are due to Plaintiffs not listing these thirteen . . . persons as witnesses until after Cowboys filed its Motion for Summary

Judgment on April 20, 2010."[12] The parties were required to take reasonable steps to prepare for the upcoming July 19 trial date. Cowboys should not have to incur the costs of the plaintiffs delay. Therefore, the special character of the litigation required expedited service of those records.

When trying to discount the amounts allocable to ASCII and E-transcript charges, it is difficult, if not impossible, to ascertain those costs from the invoices. All invoices from the Lake Charles Reporting Service include ASCII and/or E-transcripts charges, and three invoices from Nat Douget contain similar ASCII invoice charges. While invoice number 940848 from Lake Charles Reporting Service provided charges of $1,802 for 428 pages of original depositions and "ASCII and/or E-transcripts," invoice number 20100707-1-Min from Nat Douget charged $510 for 1,020 pages, or 25 cents per page. The invoices also show additional inconsistencies. For instance, a $4 per page rate with a 50% discount in invoice number 20100707-1-Min provides a per page cost of 25 cents while invoice number 20100707-2-LG, which includes the same $4 per page rate with a 50% discount, provides a per page cost of $2.[13] Since it is impossible to determine the exact costs to make the necessary adjustment, this Court assumes that all of the deposition invoices that include charges for ASCII services are solely for ASCII services. Thus, those costs are not recoverable.

Since only two deposition invoices do not include charges for ASCII services or electronic copies, those two invoices provide the only costs recoverable by Cowboys. Those invoices total $1,130. Cowboys may recover that amount under Rule 54(d).

**Service of Process Fees and Witness Fees**

---

[12] Def.'s Br. In Reply to Pl.'s Opp. 2.

[13] Def.'s Ex. A.

Some courts, including a district court within this circuit, have held that private service of process fees are within recoverable costs under § 1920. *E.g., Alflex Corp. v. Underwriters Laboratories, Inc.*, 914 F.2d 175, 177-78 (9th Cir.1990) (per curiam) (based on § 1920(1) at least in part), *cert. denied*, 502 U.S. 812 (1991); *Tang How v. Edward J. Gerrits, Inc.*, 756 F. Supp. 1540, 1545 (S.D.Fla. 1991), *aff'd* 961 F.2d 174 (11th Cir.1992); *Card v. State Farm Fire & Casualty Co.*, 126 F.R.D. 658, 662 (N.D.Miss. 1989), *aff'd w/o opinion*, 902 F.2d 957 (5th Cir.1990). Other circuits have found that such costs are not recoverable under the plain language of § 1920 and the Supreme Court's reasoning in *Crawford. E.g., Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir.1985). *See also Zdunek v. Washington Metro. Area Transit Auth.*, 100 F.R.D. 689, 692 (D.D.C. 1983); *Goldstein v. GNOC, Corp.*, No. 90-0496, 1994 WL 456360 at *2-3 (E.D.Pa. Aug. 22, 1994). Because this Court is bound by the reasoning in *Crawford,* private service of process fees are not recoverable under § 1920. The witness fees, however, are properly recoverable as costs because those costs are specifically enumerated in § 1920.

Cowboys is entitled to its originally requested $770.03 for witness fees, but it is not entitled to the fees allocable to the private process server.

**Costs of Medical Records and Criminal Records**

While Cowboys incurred one necessary cost in preparation for trial, the psychological clinic records for Marcus Dunaway and James Varner, it is unlikely that the other medical records and the copies of the criminal records were incurred to prepare for trial. Indeed, the plaintiff makes no argument that those criminal records could be expected to be used at trial. Absent any assertion to the contrary, those records appear to be used merely for discovery.

Cowboys, however, could expect to use the medical records for Marcus Dunaway and James Varner from the Psychological Clinic at trial. It appeared likely that the Plaintiffs'

enlisted expert, Dr. Whiteman, would testify to psychological problems from the alleged discrimination. To better evaluate this assertion, Cowboys sought the medical records of Dunaway and Varner from the Psychological Clinic. Those records were directly relevant to the expected expert testimony.

The medical records from clinics other than the Psychological clinic, including those from Dr. Alan Hinton, were used only for discovery; there was no reasonable expectation that Cowboys would use those records as trial preparation. Instead, Cowboys requested those records to determine whether they contained any information to contradict the psychological expert. Many of the records requests involved plaintiffs that Dr. Whitman had not evaluated. As Cowboys stated in their motion for costs, Cowboys obtained these records "to not only test the Plaintiffs' allegations and assertions, but to confront Dr. Whiteman, [the psychological expert], with the lack of such complaints in the medical records if a trial was had."[14]

Based on Cowboys argument, most of the medical records are not taxable against the plaintiff for two primary reasons. First, when Cowboys requested the medical records, there was no reasonable expectation that those records would provide material needed to confront Dr. Whiteman or test the plaintiffs' allegations and assertions. Second, it is uncertain whether Cowboys obtained any relevant material from the medical records. Those requests evidence a discovery expedition on part of Cowboys; there was no expectation that those records would be for use in the case. Of the $454.23 of fees for obtaining medical records, only $36.29 is recoverable under Rule 54(d) and 28 U.S.C. § 1920.

In sum, Cowboys is entitled to recover $369 for court costs, $1,130 for court reporter fees and printing costs, $770.03 for witness fees, and $36.29 for medical record fees. Accordingly,

---

[14] Def.'s Br. For Costs 5.

the clerk shall tax costs against plaintiffs in the amount of $2,305.32.

It is ORDERED that Cowboys' motion to tax costs against the plaintiff [Doc. 130] is granted in part and denied in part;

IT IS FURTHER ORDERED that the plaintiffs pay $2,305.32 to the defendant for costs.

Lake Charles, Louisiana, this 16 day of September, 2010.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE